# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

July 22, 2024

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

<u>VIA ECF</u>
Honorable Nusrat J. Choudhury, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

    Re: *Scott E. Friedberg v. New York Institute of Technology et al.*,
       **24-cv-04072 (NJC)(ST)**

Dear Judge Choudhury:

  This firm represents Defendants New York Institute of Technology ("NYIT"), Daniel Quigley ("Quigley"), Tiffani Hinds, née Blake, Katherine Zuliani, Cheryl Monticciolo and Catherine Flickinger[1] (collectively, "NYIT Defendants") in this action. Pursuant to Section 5.1 of Your Honor's Individual Rules, NYIT Defendants respectfully request a pre-motion conference as they seek leave to file a motion to dismiss plaintiff Scott E. Friedberg's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I. Summary of Plaintiff's Claims

  In the Complaint, Plaintiff alleges that he is a "60-year-old disabled United States Navy veteran with Post Traumatic Stress Disorder." (Complaint, p. 1). Plaintiff alleges that he "was fired from my job as a professor at New York Institute of Technology for being a Veteran and having PTSD." *Id*. Plaintiff alleges that his "veteran's status was recorded in official University documents" and that Quigley was "informed that I am a veteran and was receiving mental health care from the VA." *Id*. Plaintiff also alleges that "NYIT – including individual members of faculty and staff – were notified" of his PTSD, none of whom are defendants in this action. *Id*. Plaintiff also contends that NYIT has a "pattern" of terminating older professors and that Plaintiff believes that "age discrimination was a motivating factor in connection with my termination." *Id*. Plaintiff contends that NYIT Defendants' conduct violates the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRAA"). (Complaint, p. 6). Plaintiff also asserts claims of discrimination on the basis of religion, claiming that Quigley refused to provide him with a director-level stipend for his work performed for a NYIT tutoring center and terminated his employment, "which stunningly revealed a resentment and latent Anti-Semitic bias against" Plaintiff.[2] (Complaint, pp. 2-3, 5-6).

---

[1] It is unknown if Junius Gonzalez ("Gonzalez") and Carlyn Annunziata ("Annunziata" and collectively with Gonzalez and NYIT Defendants, "Defendants") were served with the Complaint.

[2] Plaintiff asserts a claim that Annunziata, a former NYIT student, somehow violated his privacy rights. This claim should also be dismissed as Plaintiff does not identify in the Complaint the statute that Annunziata purportedly

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Nusrat J. Choudhury, U.S.D.J.
July 22, 2024
Page 2

## II.     Argument

### A. Plaintiff's VEVRAA Claim Should Be Dismissed

Plaintiff's claim that Defendants violated VEVRAA, 38 U.S.C. § 4212, should be dismissed as there is no private right of action under VEVRAA. *See Dawkins v. Hudacs*, No. 94-CV-1655, 1996 WL 12032, n. 6 (N.D.N.Y. Jan. 5, 1996), *aff'd*, 101 F.3d 1394 (2d Cir. 1996); *Phillips v. Merchants Ins. Group*, 990 F. Supp. 99, 101 (N.D.N.Y. 1998).

### B. Plaintiff's ADA and ADEA Claims Should Be Dismissed

#### i. There is No Individual Liability Under the ADA and the ADEA

Plaintiff's ADA and ADEA claims against the individual Defendants should be dismissed as there is no individual liability under these statutes. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010)(addressing ADA); *Iwelu v. New York State Off. of Mental Health*, No. 22-3096-CV, 2024 WL 2175938, n.5 (2d Cir. May 15, 2024)(addressing ADEA and ADA); *Jones v. New York City Dep't of Educ.*, 286 F. Supp. 3d 442, 447 (E.D.N.Y. 2018)(addressing ADEA).

#### ii. Plaintiff Fails to State Claims of Age and Disability Discrimination

Plaintiff's claims of age and disability discrimination should be dismissed for failure to state a claim. In order to defeat a Rule 12(b)(6) motion to dismiss under the ADEA and ADA, Plaintiff "must plausibly allege that adverse action was taken against [him] by [his] employer," and that his age or disability "was the 'but-for' cause of the adverse action." *Marcus v. Leviton Manufacturing*, 661 Fed. Appx. 29, 31-32 (2d Cir. 2016)(ADEA); *see Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019)(ADA). Plaintiff must assert in the Complaint, "at a minimum, 'nonconclusory factual matter' sufficient to 'nudge' the claim 'across the line from conceivable to plausible.'" *Algarin v. NYC Health + Hospitals Corp.*, 678 F.Supp.3d 497, 508 (S.D.N.Y. 2023)(citing *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)). Plaintiff fails to do so. Rather, Plaintiff makes blanket, conclusory assertions that NYIT demonstrated "bias" and that he was terminated because of his age and disability. Plaintiff cites to no age or disability-based derogatory remarks or any examples of disparate treatment based on age or disability. He contends that NYIT had a "pattern" of terminating older employees without providing any factual allegations to support his claim. A bare assertion of discriminatory animus, without any specific factual support, is not sufficient to state a claim under the ADEA or ADA. *See*, *e.g.*, *Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2d Cir. 2011).

### C. Plaintiff's Claim for Religious Discrimination Should Be Dismissed

#### i. Plaintiff Fails to State a Claim of Religious Discrimination

---

violated to state a plausible claim. New York does not recognize a common law right to privacy. *See Greene v. Paramount Pictures Corp.*, 138 F.Supp.3d 226, 232 (E.D.N.Y. 2015).

**CLIFTON BUDD & DEMARIA, LLP**

Hon. Nusrat J. Choudhury, U.S.D.J.
July 22, 2024
Page 3

Plaintiff also alleges that he was discriminated against based on his religion when Quigley failed to appropriately compensate him for participation in a tutoring center and when NYIT terminated his employment. Even construing the Complaint in the light most favorable to Plaintiff, Plaintiff fails to allege a plausible claim of religious discrimination. Significantly, Plaintiff fails to: (a) identify the statute under which he is claiming a violation; (b) identify his religion; and (3) allege that Defendants were aware of his religion. He merely makes blanket, conclusory assertions that Quigley referenced that Plaintiff "was only trying to pursue money" in connection with his request for a stipend and, as such, Quigley's "actions are permeated by a form of narcissism, and I have reason to believe an underlying, latent stereotype of an anti-Semitic invective." (Complaint, pp. 2-3, 6). Such conclusory assertions are insufficient to survive a motion to dismiss. *See Algarin*, 678 F.Supp.3d at 508.

### ii. Plaintiff Failed to Exhaust His Administrative Remedies

To the extent that Plaintiff asserts a claim of religious discrimination under Title VII, Plaintiff's claim should be dismissed for failure to exhaust his administrative remedies. Exhaustion of administrative remedies by filing a Charge with the EEOC is a precondition to filing suit. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). Here, Plaintiff alleges in the Complaint that he filed an EEOC Charge; however, nowhere within this Charge does Plaintiff allege religious discrimination. Claims that were not raised in Plaintiff's EEOC Charge can only be litigated if the claims are "reasonably related" to Plaintiff's claims filed with the EEOC. *Soules v. Connecticut, Department of Emergency Services and Public Protection*, 882 F.3d 52, 57 (2d Cir. 2018). "A claim not included in an EEOC charge will not be deemed 'reasonably related' where the claim is based on 'a wholly different type of discrimination' from that alleged in the EEOC complaint…" *Foxworth v. American Bible Society*, 2005 WL 1837504, * 10 (S.D.N.Y. July 28, 2005), *aff'd*, 180 Fed. Appx. 294 (2d Cir. 1006). Plaintiff's Charge specifically relates to his termination. Nowhere within the Charge does he allege that he was denied a stipend or raise any allegations about Quigley's alleged antisemitism to "fall withing the reasonable scope" of the EEOC's investigation of the Charge, requiring dismissal of this claim.

Based upon the foregoing reasons and other reasons that may be included in NYIT Defendants' motion, NYIT Defendants respectfully request leave to file a motion to dismiss the Complaint. Thank you for Your Honor's consideration of NYIT Defendants' request.

Respectfully Submitted,

CLIFTON BUDD & DeMARIA, LLP
*Counsel for NYIT Defendants*

By: _____
Douglas P. Catalano
Stefanie R. Toren
Jennifer I. Endick

cc:   Victor A. Carr, Esq.